## GEORGE L. RIDER *vs.* ALBERT J. TAINTOR.

The production of a note payable to bearer, with proof that the plaintiff is the holder thereof for value, is sufficient to sustain an action against the maker; although the note bears the indorsement of a third person, directing payment thereof to be made to the order of another, who has not indorsed the note, or consented to the bringing of the action.

CONTRACT upon the following promissory note: " $107. Six months from date, for value received I promise to pay Stephen E. Avery or bearer one hundred and seven dollars with use. Lee, December 1, 1860. Albert J. Taintor." The note bore the following indorsement: " Pay E. A. Bliss, cashier, or order. Warren Newton, cashier."

At the trial in the superior court, it appeared that the plaintiff had purchased the note in suit before it became due for a full consideration, but the bill of exceptions stated that " there was no evidence that E. A. Bliss, to whom said note had been indorsed, had transferred or indorsed said note to the plaintiff; " or " that the plaintiff had any title in said note from said Bliss, or that said note was sued with the knowledge or assent of said Bliss." *Rockwell*, J. ruled that the plaintiff was entitled to recover, and the jury returned a verdict accordingly ; and the defendant alleged exceptions.

*M. Wilcox*, for the defendant.

*J. Branning*, for the plaintiff, was not called upon.

BIGELOW, C. J. The contract of the promisor of the note declared on is to pay the sum due on the note at its maturity to the person who shall then be the bearer. The production of the note by the plaintiff is therefore evidence of his title ; and, accompanied as it was in the present case with proof that the plaintiff had become the owner of the note by purchase before it became due, established a conclusive right to recover against the defendant.

The indorsement of a third person, directing the payment of the note to be made to the order of another, did not change the contract of the promisor, or enable him to set up in defence that the plaintiff's title was imperfect, merely because he had not

obtained the signature of the person to whom some intermediate holder had ordered the note to be paid. *Wilbour* v. *Turner,* 5 Pick. 526. *Waynam* v. *Bend,* 1 Camp. 175. Story on Notes, § 132. *Exceptions overruled.*